UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE BUI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMITABH SINGH, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-03745-JCS<br><br>**ORDER REVIEWING COMPLAINT UNDER 28 U.S.C. § 1915 AND DISMISSING WITH LEAVE TO AMEND** |

## I.   INTRODUCTION

Plaintiff Christine Bui filed this pro se action against Defendants Amitabh Singh, the Philip Andersen, Inc. law firm, San Mateo Superior Court Judge Gerald J. Buchwald, Chief Justice Cantil-Sakauye, CalTrans and three justices of the California Court of Appeal, First Appellate Division.[1] Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court dismisses Plaintiff's complaint as to all Defendants.

## II.   THE COMPLAINT

Plaintiff's Complaint is based on a car accident that occurred on the San Francisco Bay Bridge on January 20, 2010. *See* Compl. at 1. The Complaint consists of three paragraphs. In the

---

[1] Although they are not named in the caption of the Complaint, the three Court of Appeal justices are named in the body of the complaint and are as follows: Justice McGuiness, Justice Siggins and Justice Jenkins.

first paragraph, she alleges that Judge Buchwald and Justices McGuiness, Siggins, Jenkins and Cantil-Sakauye engaged in "poor decision making." Complaint at 1.

In the second paragraph, Plaintiff states: "This is an unfair, injustice in the Court system government and this is not an end of my car accident (almost died) case accident (what if I get kill on that day 1/20/2010)??? This is my life matter!" *Id*.

In the third paragraph, Plaintiff alleges that Defendant Amitabh Singh was negligent when he lost control of his car in the Bay Bridge tunnel on January 20, 2010 and collided with Plaintiff's car. *Id*. at 1-2. She further alleges that Caltrans was negligent because of a "broken pipe." *Id*. She states:

> They both also caused the collision. Mr. Singh Amitabh didn't pay attention when he drive and didn't pay attention to his surrounding – How and why he claims he never see my car prior to impact??? He is on the lane 3 before approached and slam into my right side. I will not let him get away from this horrible/died accident to me. Final point of view why I don't have a "jury trial."

*Id*.[2]

## III.   ANALYSIS

### A.   Legal Standard

If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is permitted to proceed in forma pauperis, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim for relief, Plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact as true and construe(s) them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a complaint's allegations as true," however, "is inapplicable to . . . mere conclusory statements."

---

[2] Although Plaintiff names the Philip Andersen, Inc. law firm in the caption of the Complaint, she alleges no facts about that defendant in the body of the complaint.

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547). A complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

Complaints filed by *pro se* litigants must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.     Discussion

In her Complaint, Plaintiff challenges a decision of the California state courts, naming as defendants the judges and justices who considered a case relating to a car accident that occurred on the San Francisco Bay Bridge on January 20, 2010 involving Plaintiff.[3] Such claims are barred under the *Rooker-Feldman* doctrine, under which federal courts generally lack jurisdiction to review claims that explicitly or implicitly challenge a state court decision. *See Muhammad v. Berreth*, No. C 12 02407 CRB, 2013 WL 684918, at *3−4 (N.D. Cal. Feb. 25, 2013) (dismissing claims against a California Superior Court based on both of these doctrines); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 900-901 (9th Cir. 2003)("the *Rooker-Feldman* doctrine . . . precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional") (citations and internal quotation marks omitted). Therefore, Plaintiff's claims against all of the judges and justices listed above are dismissed with prejudice.

Plaintiff also asserts claims for negligence against Defendants Amitabh Singh and CalTrans. These claims also are subject to dismissal because Plaintiff has not alleged that there is any federal jurisdiction over this action, either on the basis of the existence of a federal question or

---

[3] In her Application to Proceed In Forma Pauperis, Plaintiff stated that the state court case was Bui v. Singh Amitabh, Case No. A140906. The docket for that case reflects that it was an appeal of Case No. 515505 and that a judgment against Ms. Bui was affirmed. *See Struggs v. Hedgpeth*, No. C 11-02191 YGR PR, 2012 WL 4497790, at *1 (N.D. Cal. Sept. 28, 2012) (holding that court could take judicial notice of docket entries and pleadings in prior court cases).

3

diversity of citizenship, under 28 U.S.C. §§ 1331 or 1332.  In addition, to the extent Plaintiff seeks to assert a claim against CalTrans, there is no indication in the Complaint that she has complied with California Government Code section 945.4, which provides that a public entity may not be sued until a claim has been presented to that entity and has been acted upon.  Nor has Plaintiff clearly identified the conduct that is the basis for her negligence claim against CalTrans.  Finally, Plaintiff has alleged no wrongful conduct (or indeed, any facts) as to Defendant Philip Andersen, Inc. and therefore, she fails to state a claim as to that defendant.

## IV. CONCLUSION

Plaintiff's claims against Judge Gerald J. Buchwald, Chief Justice Cantil-Sakauye, and Justices McGuiness, Siggins and Jenkins are dismissed with prejudice.  Plaintiff's remaining claims are dismissed with leave to amend in order to establish that there is federal jurisdiction over this action and to remedy the specific defects discussed above as to the claims against CalTrans and Philip Andersen, Inc.  The Case Management Conference set for November 20, 2015 at 2:00 pm is vacated.  Plaintiff may file an amended complaint within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  November 10, 2015

JOSEPH C. SPERO
Chief Magistrate Judge